# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**BRONX COUNTY**
--------------------------------------------------------------------X
**MIGUEL DEJESUS,**

                              **Plaintiff,**
           -against-                                     **SUMMONS**

                                                         **Index No.**

**2078 ARTHUR LLC and JOSEPH ISAAC, as a**
**Manager of 2078 Arthur LLC,**


                              **Defendants.**
--------------------------------------------------------------------X


To the above named Defendants:

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons,

exclusive of the day of service (or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York); and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the

complaint.

                              <u>**VENUE**</u>

        Plaintiff designates Bronx County as the place of trial because the causes of action arose

in Bronx County.  Venue is also proper pursuant to CPLR §§503, 509. Plaintiff resides in Bronx

County.

## NOTICE

The nature of this action and the relief sought are: unpaid wages and overtime and the

failure to comply with N.Y. Labor Law §§ 195(1)(a) and 195(3).

Date: New York, NY
      October 24, 2019

                   The Law Offices of Fausto E. Zapata, Jr., P.C.
                   *Attorneys for Plaintiff*
                   Broadway Chambers Building
                   277 Broadway, Suite 206
                   New York, New York 10007
                   Tel:   212-766-9870

                   By:
                        Fausto E. Zapata, Jr.

2

**SUPREME COURT OF THE STATE OF NEW YORK**
**BRONX COUNTY**
-------------------------------------------------------------------X
**MIGUEL DEJESUS,**

                              **Plaintiff,**

        -against-                               **VERIFIED**
                                                **COMPLAINT**

**2078 ARTHUR LLC and JOSEPH ISAAC, as a**
**Manager of 2078 Arthur LLC,**                     **Index No.**

                          **Defendants.**
-------------------------------------------------------------------X

       Plaintiff Miguel DeJesus ("Plaintiff"), by and through his undersigned attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C., hereby files this Action against Defendants 2078 Arthur LLC and Joseph Isaac (hereinafter referred to as "Defendants") and alleges, upon personal knowledge as to himself, and upon information and belief as to other matters, as follows:

<u>**PRELIMINARY STATEMENT**</u>

1. Plaintiff alleges that he is entitled to: (i) unpaid minimum and overtime wages from Defendants pursuant to the New York Labor Law §§ 190 and 650, *et seq.* ("NYLL"), the New York State Department of Labor's Minimum Wage Order for the Building Service Industry, 12 N.Y.C.R.R. Part 141, *et seq.* ("Wage Order"), and the Fair Labor Standards Act, 29 U.S §§ 201 *et seq.* ("FLSA"); (ii) damages associated with Defendant's failure to provide Plaintiff with a statement when Plaintiff was paid his wages that was compliant with N.Y. Labor Law § 195(3); (iii) damages associated with Defendant's failure to provide Plaintiff with a

statement pursuant to N.Y. Labor Law § 195(1)(a); (iv) liquidated and punitive

damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

2. Under the New York Civil Practice Law and Rules § 301 and the New York

   Labor Law §§ 190, *et seq*., jurisdiction is proper because this Court has general

   subject matter jurisdiction.

3. Under the New York Civil Practice Law and Rules §§ 503(a) and 509, venue is

   proper in this county because Plaintiffs reside in Bronx County.

## PARTIES

4. Plaintiff DeJesus is an adult male who, at all relevant times, resided in Bronx

   County.

5. At all relevant times, Defendant 2078 Arthur LLC was and is domestic limited

   liability company duly organized under, and existing by virtue of, the laws of the

   State of New York.

6. Defendant 2078 Arthur LLC owns residential buildings, including one located at

   2078 Arthur Avenue, Bronx, New York.

7. Defendant Joseph Isaac is an employee of Defendant 2078 Arthur LLC.

8. As part of his job responsibilities, Defendant Joseph Isaac manages Defendant

   2078 Arthur LLC's residential buildings located at 2078 Arthur Avenue, Bronx,

   New York.

9. Defendants manage the building located at 2078 Arthur Avenue, including but not

   limited to exercising operational control over its employees, staffing needs, and

   maintenance of its facilities.

2

10. Defendants, jointly, had the power to determine Plaintiff's rate of pay in connection with his employment with Defendants.

11. Defendants, jointly, controlled Plaintiff's work schedule, in connection with his employment with Defendants.

12. Defendants, jointly, controlled Plaintiff's conditions of employment, in connection with his employment with Defendants.

13. Defendant Issac had the power to hire and fire Defendant 2078 Arthur LLC's employees, including Plaintiff.

14. Defendant Issac supervised and controlled Plaintiff's work performance.

15. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by NYLL § 2(5).

16. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by NYLL § 651(5).

17. At all relevant times, Plaintiff was "employed" by Defendants, as defined by NYLL § 2(7).

18. At all relevant times, Defendants were Plaintiff's "employer," as defined by NYLL § 2(6).

19. At all relevant times, Defendants were Plaintiff's "employer," as defined by NYLL § 651(6).

20. At all relevant times herein, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e).

21. At all relevant times herein, Defendants were "employers" of Plaintiff within the meaning of 29 U.S.C. § 203(d).

3

22.  At all times relevant herein, Defendant 2078 Arthur LLC was an "enterprise" within the meaning of 29 U.S.C. § 203(r).

23.  At all relevant times herein, Defendant M2078 Arthur LLC was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

24.  At all relevant times herein, Defendants were each individually a "person" within the meaning of 29 U.S.C. § 203(a).

25.  At all relevant times herein, Plaintiff was an employee engaged or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 – 207.

26.  Defendants, at all relevant times herein, has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

27.  Upon information and belief, at all relevant times herein, Defendant 2078 Arthur LLC had gross annual revenues in excess of $500,000.00.

28.  At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff, including payroll and other employment practices that applied to him.

29.  Defendants also controlled Plaintiff's terms and conditions of employment, and determined Plaintiff's rate and method of compensation.

30.  Defendants are a covered employer within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiff.

**FACTUAL ALLEGATIONS**

4

31. Plaintiff is and has been the Residential Janitor at 2078 Arthur Avenue, Bronx, New York, since in or around 2009.

32. 2078 Arthur Avenue, Bronx, New York, is classified as having twenty-seven residential units by The City of New York Housing Preservation Department (hereinafter "HPD").

33. At the time that Plaintiff began performing the duties of a residential janitor for 2078 Arthur Avenue, Bronx, New York, the building was owned by SLL Franklin Street Parking Lot, Inc.

34. Plaintiff's job duties include, but are not limited to, cleaning the sidewalk, alleyway, and, the back of the building; prepare garbage for recycling; mopping the lobby and hallways; minor plumbing plastering repairs; changing window screens, window balances, and lightbulbs; painting common area; garbage removal; tending and maintaining common areas; tending and maintaining the sidewalks and grounds of the residential building; responding to tenants' calls and complaints; attending to basic plumbing, electrical and carpentry repairs; operating the boiler; addressing any City HPD violations; shoveling snow; raking leaves; and, locksmith related duties.

35. Since 2009, Plaintiff has worked from 6:00 a.m. to 11:00 a.m. and 12:00 p.m. to 5:00 p.m., Monday through Friday (Plaintiff's "Regular Working Hours".)

36. Plaintiff is also required to be available to respond to tenants' emergencies whenever they arise, including overnight and during weekends, i.e., outside of his Regular Working Hours.

5

37. Plaintiff is also required to be available to respond to tenants' emergencies twenty-four hours per day, seven days per week.

38. As a result of his requirements to be available at all times, Plaintiff routinely works approximately 4 hours additional hours outside of his Regular Working Hours each week.

39. Additionally, Plaintiff is required to clear any snow on the pedestrian walkways at the time when it is snowing, which is often outside of his Regular Working Hours.

40. Defendant 2078 Arthur LLC purchased the building located at 2078 Arthur LLC from SLL Franklin Street Lot, Inc., in 2013 (hereinafter referred to as the "Transaction").

41. Shortly the Transaction, Defendant Joseph Isaac began managing the building and supervising Plaintiff's job duties on behalf of Defendant 2078 Arthur LLC.

42. After Transaction, Defendants offered to continue employing Plaintiff and Plaintiff agreed.

43. After Plaintiff agreed to continue working for Defendants, Defendants requested that Plaintiff provide them with a copy of his paystubs and Plaintiff complied.

44. Defendants set Plaintiff's salary at $300 per week.

45. As an employee of Defendant 2078 Arthur LLC, Plaintiff reports to Defendant Arthur.

46. By virtue of their employment relationship, Plaintiff and Defendant Arthur communicate on a daily basis to discuss Mr. Arthur's concerns and for Plaintiff to be given work related instructions that fall outside of his normal work duties and routine, including resident complaints.

6

47. At the time that Defendants hired Plaintiff, Defendants did not discuss their expectations with respect to the number of hours that Plaintiff was required to work.

48. At no point during Plaintiff's employment with Defendants did Defendants keep accurate records of the number of hours and minutes that Plaintiff worked each day.

49. At the time that Defendants hired Plaintiff, Defendants told Plaintiff that he was to continue performing the duties that he had already been performing and that Plaintiff was responsible for maintaining the entire building and dealing with any city or third-party vendors with business involving the 2078 Arthur Avenue.

50. Defendants failed to notify Plaintiff, in writing, at the time of hiring of the following information: (1) the rates of pay and basis thereof, (2) whether paid by the hour, shift, day, week or salary; and, (3) allowances, if any, claimed as part of the minimum wage, including lodging allowances, (4) regular pay day designated, (5) name of the employer, (6) any "doing business as" names used by the employer, 6) the physical address of the employer's main office or principal place of business, and, (7) the employer's telephone number, in violation of NYLL § 195(1)(a).

51. At all relevant times herein, Plaintiff was paid his wages on a bi-weekly basis.

52. At all relevant times herein, Defendants issued Plaintiff paystubs that did not conform to NYLL § 195(3), including, but not limited accurately identifying number of hours that Plaintiff worked, Plaintiff's occupational class, and rate of pay, in each pay period.

7

*53*. During Plaintiff's employment, Defendants failed to pay Plaintiff the required
*spread of hours* pay for any day they had to work in excess of 10 hours.

## FIRST CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW
## VIOLATIONS OF THE OVERTIME PROVISIONS

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding
paragraphs.

55. The overtime wage provisions of Article 19 of the NYLL and its supporting
regulations apply to Defendant, and protect Plaintiff.

56. Defendants failed to pay Plaintiff overtime wages to which he was entitled under
the NYLL and the supporting New York State Department of Labor Wage Order.

57. Through their knowledge or intentional failure to pay Plaintiff overtime wages for
hours worked in excess of 40 hours per week, Defendants have willfully violated
the NYLL Article 19 §§ 650 *et seq*., and Wage Order, 12 N.Y.C.R.R. § Part 141.

58. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from
Defendants his unpaid overtime wages, liquidated damages as provided for by
NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment
interest.

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW
## MINIMUM WAGE ACT VIOLATIONS

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding
paragraphs.

60. The minimum wage provisions of Article 19 of the NYLL and the Wage Order
apply to Defendants and protect Plaintiff.

8

61. Defendants failed to pay Plaintiff statutory minimum wages to which he is entitled under the NYLL and the Wage Order.

62. Through their knowledge or intentional failure to pay Plaintiff minimum wages for hours worked, Defendants have willfully violated the NYLL Article 19 §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

63. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

### THIRD CLAIM FOR RELIEF
### NEW YORK STATE LABOR
### SPREAD OF HOURS WAGE ORDER VIOLATIONS

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants' willfully violated Plaintiff's rights by failing to pay him spread of hours compensation of one additional hour of pay at the basic minimum hourly rate of pay when their workday lasted longer than ten hours, in accordance with the NYLL and the Wage Order, 12 N.Y.C.R.R. Part 141.

66. Defendants' NYLL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

67. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid compensation, liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements in connection with this action, pursuant to NYLL §§ 663 and 198.

9

## FOURTH CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW
## <u>WAGE STATEMENT PROVISION</u>

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. The minimum wage provisions of Article 6 of the NYLL and the Wage Order apply to Defendants, and protect Plaintiff.

70. Defendants failed to provide Plaintiff with a written statement concurrent with payment of wages which lists, *inter alia,* the number of regular, overtime hours worked and the overtime rate of pay, and accurate information concerning gratuities, to which they are entitled under the NYLL § 195(3) and Wage Order.

71. Through their knowledge or intentional failure to provide Plaintiff with wage statements, Defendants have willfully violated the NYLL Article 6 §§ 195 *et seq.*

72. Due to Defendants' violations of the NYLL § 195(3), Plaintiff is entitled to recover from Defendants $5,000.00 in damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW
## <u>NOTICE AND RECORDKEEPING REQUIREMENT</u>

73. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74. The minimum wage provisions of Article 6 of the NYLL and its supporting regulations apply to Defendant, and protect Plaintiff.

75. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), at the time that he was hired, containing:

10

the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

76. Through their knowledge or intentional failure to provide Plaintiff with notice statements, Defendants have willfully violated NYLL Article 6 § 195(1).

77. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants $5,000.00 in damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

### SIXTH CLAIM OF RELIEF
### FAIR LABOR STANDARDS ACT
### <u>OVERTIME VIOLATIONS</u>

78. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

80. Defendants failed to pay Plaintiff overtime wages for all of the hours he worked in excess of 40 hours in a workweek.

81. Defendants' unlawful conduct, as described in the Complaint, has been willful and intentional.

82. Defendants were aware or should have been aware that the practices described in the Complaint were unlawful.

83. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

84. Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

85. As a result of Defendants' unlawful acts, Plaintiff have been deprived of minimum wage compensation in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SEVENTH CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**
**<u>MINIMUM WAGE VIOLATIONS</u>**

86. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

87. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

88. Defendants failed to pay Plaintiff minimum wages for all of the hours they worked.

89. Defendants' unlawful conduct, as described in the Complaint, has been willful and intentional.

Case 1:20-cv-02030-PGG-BCM   Document 1-1   Filed 03/06/20   Page 16 of 19

90. Defendants were aware or should have been aware that the practices described in the Complaint were unlawful.

91. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

92. Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

93. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this court grant the following relief:

a) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL Article 6, §§ 198 *et seq*., NYLL Article 19, §§ 650 *et seq*., the Wage Order, and the FLSA;

b) An award of unpaid minimum and overtime pay, an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

c) An award of unpaid minimum and overtime pay, an additional and equal amount as liquidated damages pursuant to the NYLL and the Wage Order;

d)

13

e)  An award of statutory penalties equal to two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, as provided by NYLL, Article 6 § 198;

f)  An award of statutory penalties equal to fifty dollars for each workday that Defendants failed to provide Plaintiff with proper wage notices, or a total of five thousand dollars each, as provided by NYLL, Article 6 § 198;

g)  An award of back pay for unpaid spread of hour pay that Plaintiff is due under NYLL, the Wage Order, an additional and equal amount as liquidated damages permitted by law pursuant to the Wage Order;

h)  Prejudgment and post-judgment interest;

i)  An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to NYLL;

j)  Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4);

k)  Reasonable attorneys' fees and costs of the action; and,

l)  Such other relief that this Court shall deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury on all issues to be tried.

Date: New York, New York
        October 24, 2019

                                  The Law Offices of
                                  Fausto E. Zapata, Jr., P.C.

By: _____

                                  Fausto E. Zapata, Jr.
                                  *Attorneys for Plaintiff*
                                  277 Broadway, Suite 206
                                  New York, New York 10007
                                  Tel. (212) 766-9870
                                  Email: fz@fzapatalaw.com

**15**

## VERIFICATION

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF NEW YORK  )

      Miguel DeJesus, being duly sworn, deposes and says that deponent is the Plaintiff

in the within action, that deponent has read the foregoing Verified Complaint, and knows

the contents thereof; that the same is true to the deponent's own knowledge, except as to

the matters therein stated to be alleged on information and belief and that as to those

matters, deponent believes them to be true.

_____
Miguel DeJesus

Sworn to before me this
24th day of October 2019

_____
Notary Public

**FAUSTO E. ZAPATA**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 02ZA6161180**
**Qualified in New York County**
**My Commission Expires February 20, 2023**