UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/17/21

MIGUEL DEJESUS,

    Plaintiff,

-against-

2078 ARTHUR LLC, et al.,

    Defendants.

20-CV-2030 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    Plaintiff Miguel DeJesus, employed as a resident janitor in a residential building in the Bronx, has settled his Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) claims against defendants 2078 Arthur LLC, which owns the building, and Joseph Isaac, who manages it on behalf of the LLC. In his First Amended Complaint (FAC) (Dkt. No. 18), plaintiff alleges that because he was not provided an apartment "fit for human habitation," defendants were not exempted from paying him overtime compensation under the Building Service Wage Order (Wage Order), 12 N.Y.C.R.R § 141-1.1 *et seq.*, making them liable to him for unpaid minimum and overtime wages, unpaid spread-of-hours compensation, and liquidated damages under the FLSA and NYLL. FAC ¶¶ 1-15. Plaintiff further alleges that he was not provided wage notices or wage statements, and was not paid on a weekly basis, in violation of the NYLL. *Id.* ¶ 15. By letter dated April 29, 2021 (Joint Ltr.) (Dkt. No. 47), attaching a fully-executed settlement agreement (Agreement) (Dkt. No. 47-1), supplemented (at the Court's request) by a letter dated June 15, 2021 (Dkt. No. 51), attaching plaintiff's retainer agreement with his counsel, the parties now seek the Court's approval of their settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

The Agreement requires defendants to pay a total of $80,000 to resolve the parties' dispute. Ag. ¶ 1. Of that sum, $47,037.48 will go to plaintiff himself; $31,358.32 will go to his counsel, Fausto Ernesto Zapata, Jr., for his fees; and the remaining $1,604.20 will reimburse counsel for various expenses. *Id.*; *see also* Joint Ltr. at 5-6. The gross settlement amount of $80,000 represents 43% of plaintiff's maximum possible recovery (not including liquidated damages) if plaintiff were to prevail on his contention that the Wage Order does not apply to him. The same sum represents more than 100% of plaintiff's estimated damages (not including liquidated damages) if defendants were to successfully argue that plaintiff was an exempt janitor under the Wage Order. *See* Joint Ltr. at 3-4. Given the litigation risks that plaintiff would face at trial with respect to his resident janitor exemption status, the Court finds the settlement amount reasonable.[1]

The Court also finds that the award of fees to plaintiff's counsel is fair and reasonable as required by *Cheeks*, 796 F.3d at 199. The retainer agreement between plaintiff and his counsel provides that Mr. Zapata will receive a contingency fee "in an amount equal to 40% (forty percent) of the gross proceeds of recovery, whether by settlement, judgment or otherwise." (Dkt. No. 51 ¶ 2.) Consistent with that agreement, the proposed fee award amounts to 40% of the net recovery after deduction of expenses. It also represents approximately 70% of counsel's lodestar, calculated by multiplying the 90 hours that Mr. Zapata spent on this action (Joint Ltr. Ex. C) by the hourly rate of $500, which he describes as "my offices' standard billing rate for my time." Joint Ltr. at 7.[2]

---

[1] Defendants moved to dismiss the complaint on December 31, 2020 (Dkt. No. 35), arguing that plaintiff was a "janitor in a residential building" and therefore that defendants were not required to pay him overtime compensation. (Dkt. No. 37.) The motion remains pending and undecided.

[2] It is not clear to this Court whether the "standard hourly rate" is a meaningful concept where, as here, counsel "almost exclusively represent[s] individual plaintiffs in . . . labor and employment issues" (Joint Ltr. at 7), presumably subject to contingency fee agreements similar to the retainer presented here. Even if the Court were to reduce the hourly rate to $350, however, the proposed fee award ($31,358.32) would be less than the hypothetical lodestar ($31,500.00).

Given these calculations, together with the relatively robust "degree of success obtained" in settlement, *Fisher v. S.D. Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020), the Court finds that the proposed fee award is fair and reasonable.

The non-economic terms of the Agreement are also fair. There is no confidentiality clause or other contractual restriction on any party's ability to speak about the case or its settlement. The Agreement includes a unilateral but limited release, in which plaintiff releases defendants, as well as certain affiliates, from all claims "that were asserted in this Action, including all claims relating to alleged unpaid wages and compensation, as well as any and all claims which could have been asserted under the [FLSA] and [NYLL]." Ag. ¶ 3. The Agreement also provides that, "within 30 days of the parties' execution of this Agreement," the employment relationship between plaintiff and defendants "will be concluded," defendants will provide a "neutral reference," and plaintiff will vacate his apartment, Ag. ¶¶ 4, 5.

Having reviewed the economic and non-economic terms of the Agreement, the Court finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the proposed settlement is **APPROVED**.

It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York  
      June 17, 2021

**SO ORDERED**.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**